**The relief described hereinbelow is SO ORDERED.**

**Signed January 31, 2018.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Omni Lion's Run, L.P. | § | |
| | § | |
| _Debtor._ | § | Case No. 17-60329 (RBK) |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Omni Lookout Ridge, L.P., | § | Case No. 17-60447 (RBK) |
| | § | |
| _Debtor._ | § | |

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
CONFIRMING MODIFIED THIRD AMENDED CHAPTER 11 PLAN**

---

Omni Lookout Ridge, L.P. and Omni Lion's Run, L.P. (the "Debtors")[1], having:

a.    filed on January 19, 2018, the Modified Third Amended Chapter 11 Plan (the "Plan") [Docket No. 191] and filed on October 27, 2017 the Third Amended

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Plan and the Solicitation Procedures Order.

Disclosure Statement for Chapter 11 Plan (the "Disclosure Statement") [Docket No. 229];

b.      distributed solicitation materials beginning on or about December 15, 2017, consistent with the Amended Order Approving Debtors' Third Amended Disclosure Statement and Fixing Time for Filing Objections and Acceptances or Rejections of the Plan, Combined With Notice of Hearing on the same on November 21, 2017 [Docket No. 173] (the "Solicitation Procedures Order")

c.      filed on January 16, 2018, the Ballot Summary identifying those holders of claims accepting or rejecting Third Amended Chapter 11 Plan [Docket No. 149], and filed on January 22, 2018 an Amended Ballot Summary [Docket No. 198] identifying those holders changing their votes pursuant to the filing of the Modified Third Amended Plan (the "Voting Certification"), detailing the results of the Plan voting process;

This Court having:

a.      entered the Solicitation Procedures Order on November 21, 2017;

b.      set January 23, 2018 at 9:30 a.m., prevailing Central Time, as the date and time for the commencement of the Confirmation Hearing;

c.      reviewed the Plan, the Disclosure Statement, and all filed pleadings, exhibits, statements, and comments regarding confirmation, including any objections, statements, and reservations of rights;

d.      heard the statements, arguments, and objections made by counsel in respect of confirmation;

e.      considered all oral representations, testimony, documents, filings, and other evidence regarding confirmation;

f.      overruled any and all objections to the Plan and the confirmation thereof and all statements and reservations of rights not consensually resolved or withdrawn, unless otherwise indicated; and

g.      taken judicial notice of the papers and pleadings filed in the Chapter 11 Cases.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the

Confirmation Hearing and the opportunity for any party in interest to object to confirmation have

been adequate and appropriate as to all parties affected or to be affected by the Plan and the

transactions contemplated thereby, and the legal and factual bases set forth in the documents

filed in support of confirmation and presented at the Confirmation Hearing establish just cause

for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

## I.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

### A.     Jurisdiction and Venue.

1.      Beginning on May 2, 2017 with respect to Lion's Run, and June 6, 2017 with respect to Lookout Ridge (the "Petition Dates"), the Debtors commenced chapter 11 cases (collectively, the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Venue in the United States Bankruptcy Court for the Western District of Texas, Waco Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§1408 and 1409 and continues to be proper during the Chapter 11 Cases.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).  The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to section 157(b)(2)(L) of title 28 of the United States Code.  The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

### B.     Eligibility for Relief.

2.      The Debtors were and are entities eligible for relief under section 109 of the Bankruptcy Code.

**C.      Commencement and Joint Administration of the Chapter 11 Cases.**

3.      Beginning on the Petition Date, each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  By prior order of the Bankruptcy Court, the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015.

**D.      Judicial Notice.**

4.      The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Chapter 11 Cases maintained by the clerk of the applicable court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the applicable court during the pendency of the Chapter 11 Cases.  Any resolutions of objections to confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference.  All unresolved objections, statements, and reservations of rights are overruled on the merits.

**E.      Burden of Proof.**

5.      The Debtors, as the proponents of the Plan, have met their burden of proving the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for confirmation.  Further, the Debtors have proven the elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by clear and convincing evidence.

**F.      Solicitation Procedures Order.**

6.      On November 21, 2017, the Bankruptcy Court entered the Solicitation Procedures Order, which, among other things: (a) approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rule

3017; (b) fixed January 12, 2018, as the Voting Deadline for voting to accept or reject the Plan; (c) fixed January 12, 2018, as the deadline for objecting to the Plan; (d) fixed January 23, 2018, at 9:30 p.m. (prevailing Central Time), as the date and time for the commencement of the Confirmation Hearing; and (e) approved the form and method of notice of the Confirmation Hearing Notice set forth therein.

**G.      Transmittal and Mailing of Materials; Notice.**

7.      As evidenced by the Certificate of Service for Mailout [Docket No. 187], due, adequate, and sufficient notice of the Disclosure Statement, Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, has been given to: (a) all known holders of Claims and Equity Interests; (b) parties that requested notice in accordance with Bankruptcy Rule 2002; and (c) all taxing authorities listed on the Debtors' Schedules or Claims Register, in substantial compliance with the Solicitation Procedures Order and Bankruptcy Rules 2002(b), 3017, and 3020(b), and no other or further notice is or shall be required. Adequate and sufficient notice of the Confirmation Hearing, as continued from time to time, and other bar dates and hearings described in the Solicitation Procedures Order was given in compliance with the Bankruptcy Rules and Solicitation Procedures Order, and no other or further notice is or shall be required.

**H.      Solicitation.**

8.      Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Solicitation Procedures Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations. Specifically, the solicitation materials approved by the Bankruptcy Court in the Solicitation Procedures Order (including the Disclosure Statement, Plan, Ballots, and Solicitation Procedures Order) were

transmitted to and served on all holders of Claims or Equity Interests in Classes that were entitled to vote to accept or reject the Plan, as well as to other parties in interest in the Chapter 11 Cases, in compliance with section 1125 of the Bankruptcy Code, the Solicitation Procedures Order, and the Bankruptcy Rules.  Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.  All procedures used to distribute solicitation materials to holders of Claims and Equity Interests were fair, and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations.

**I.      Voting Certification.**

9.      Prior to the Confirmation Hearing, the Voting Certification.  All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all other applicable rules, laws, and regulations.

10.      As evidenced by the Voting Certification, all Creditors that submitted Ballots voted to accept the Plan.[2]

**J.      Bankruptcy Rule 3016.**

11.      The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement with the clerk of the Bankruptcy Court satisfied Bankruptcy Rule 3016(b).

**K.      Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

12.      The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows.

---

[2] As noted in the record of the Bankruptcy Cases, pursuant to the filing of the Modified Third Amended Plan, the Lookout Ridge Lender and Lion's Run Lender changed their votes to accept the Plan.

       **(i)**       **Section 1129(a)(1)—Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.**

13.      The Plan complies with all applicable provisions of the Bankruptcy Code as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.

### *Section 1122 and 1123(a)(1)—Proper Classification.*

14.      The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code.  Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article V of the Plan provides for the separate classification of Claims and Equity Interests into fourteen Classes, based on differences in the legal nature or priority of such Claims and Equity Interests (of which Class 12 consists of a total of four sub-classes, making a total of fifteen distinct Classes).  Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Equity Interests created under the Plan, the classifications were not done for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Equity Interests.

15.      As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Equity Interests contains only Claims or Equity Interests that are substantially similar to the other Claims or Equity Interests within that Class.  In addition, in accordance with section 1122(b) of the Bankruptcy Code, the Plan provides for Class 12(B), which is a Class of Unsecured Claims of $500 or less.  Class 12(B) is reasonable and necessary for administrative convenience and thus is proper.  As a result thereof, the requirements of sections 1122(a), 1122(b), and 1123(a)(1) of the Bankruptcy Code have been satisfied.

### *Section 1123(a)(2)—Specification of Unimpaired Classes.*

16.     Article VI of the Plan specifies that which Classes of Claims are impaired under the Plan, therefore the requirements of section 1123(a)(2) of the Bankruptcy Code have been satisfied.

### Section 1123(a)(3)—Specification of Treatment of Impaired Classes.

17.     Article VI of the Plan specifies the treatment of each Impaired Class under the Plan, including Classes 1, 2, 3, 4, 5, and 13.  As a result thereof, the requirements of section 1123(a)(3) of the Bankruptcy Code have been satisfied.

### Section 1123(a)(4)—No Discrimination.

18.     Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article VI of the Plan uniformly provides for the same treatment of each Claim or Equity Interest in a particular Class, as the case may be, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment with respect to such Claim or Equity Interest.  As a result thereof, the requirements of section 1123(a)(4) of the Bankruptcy Code have been satisfied.

### Section 1123(a)(5)—Additional Plan Provisions.

19.     Pursuant to section 1123(a)(5) of the Bankruptcy Code, Article VI and Article VII and various other provisions of the Plan specifically provide in detail adequate and proper means for the Plan's implementation, including: (i) the execution and agreement to Amended Notes; and (ii) the modified, structured payment of all other claims against the Debtors.  As a result thereof, the requirements of section 1123(a)(5) of the Bankruptcy Code have been satisfied.

### Section 1123(a)(6)—Voting Power of Equity Securities.

20.     The Plan does not provide for or allow the issuance of nonvoting equity securities and otherwise complies with Bankruptcy Code section 1123(a)(6).

### Section 1123(a)(7)—Selection of Officers and Directors.

21.     As required by and in compliance with Bankruptcy Code section 1123(a)(7), the manner of selection of the future officers and directors of the Reorganized Debtor, and any successors thereto, is consistent with the interests of holders of Claims and Interests and public policy.

### *Section 1123(b)—Discretionary Contents of the Plan.*

22.     The Plan contains various provisions that may be construed as discretionary, but are not required for confirmation under the Bankruptcy Code.   As set forth below, such discretionary provisions comply with section 1123(b) of the Bankruptcy Code and are not inconsistent in any way with the applicable provisions of the Bankruptcy Code.   Thus, section 1123(b) of the Bankruptcy Code is satisfied.

### (a)     *Section 1123(b)(1)-(2)—Claims and Executory Contracts.*

23.     Pursuant to sections 1123(b)(1) and 1123(b)(2) of the Bankruptcy Code, respectively, Article VI of the Plan impairs each Impaired Class of Claims and Equity Interests, and Article VIII of the Plan provides for the assumption of all Executory Contracts and Unexpired Lease upon confirmation.

24.     **Preservation of Claims and Causes of Action.**   Article IX of the Plan appropriately provides for the preservation by the Post-Confirmation Debtors of all Claims the Post-Confirmation Debtors owned before the Confirmation Date in accordance with section 1123(b)(3)(B) of the Bankruptcy Code.  The provisions regarding preservation of these Claims in the Plan are appropriate and are in the best interests of the Debtors, their Estates, and holders of Claims and Equity Interests.

        **(ii)**      **Section 1129(a)(2)—Compliance of the Debtors With The Applicable Provisions of the Bankruptcy Code.**

25.      As required by Bankruptcy Code section 1129(a)(2), the Debtor, as the proponent of the Plan, has complied with all of the applicable provisions of the Bankruptcy Code, including all applicable provisions regarding disclosure and solicitation with respect to the Plan.

        **(iii)**     **Section 1129(a)(3)—Proposal of Plan in Good Faith.**

26.      As required by Bankruptcy Code section 1129(a)(3), the Debtors have proposed the Plan in good faith and not by any means forbidden by law.  The Debtors have proposed the Plan with the legitimate and honest purpose of adjusting the Debtors' debts, reorganizing the Debtors' business, and maximizing the returns to parties in interest in the Chapter 11 Case.

        **(iv)**     **Section 1129(a)(4)—Bankruptcy Court Approval of Certain Payments as Reasonable.**

27.      The procedures set forth in the Plan for the Bankruptcy Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, satisfy the objectives of and are in compliance with section 1129(a)(4) of the Bankruptcy Code.

        **(v)**      **Section 1129(a)(5)—The Plan Does Not Contemplate Continued Existence of the Debtors.**

28.      As required by Bankruptcy Code section 1129(a)(5)(A), the Debtors have disclosed the identity, affiliation and proposed compensation of the persons proposed to continue in service as directors and officers of the Reorganized Debtor.  In this case, the Debtors have disclosed that the Guarantor and Drew Hall shall remain the sole operators, officers and directors, on the Effective Date.

**(vi)      Section 1129(a)(6)—Approval of Rate Changes.**

29.      The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval, therefore section 1129(a)(6) of the Bankruptcy Code is satisfied.

**(vii)      Section 1129(a)(7)—Best Interests of Holders of Claims and Interests.**

30.      The evidence proffered or adduced at or prior to, or in affidavits in connection with, the Confirmation Hearing regarding the liquidation value of the Debtors' estates: (a) are reasonable, persuasive, and credible; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other evidence; and (d) establish that, with respect to each Impaired Class, each holder of an Allowed Claim or Equity Interest in such Class has voted to accept the Plan or will receive under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.  Thus, the Plan satisfies the "best interests of creditors test" set forth in section 1129(a)(7) of the Bankruptcy Code.

**(viii)      Section 1129(a)(8)—Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Each Impaired Class.**

31.      All Impaired classes have accepted the Plan.  Therefore, the Plan complies with Bankruptcy Code section 1129(a)(8).

**(ix)      Section 1129(a)(9)—Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

32.      The treatment of Allowed Administrative Claims and Allowed Priority Tax Claims under Article VI of the Plan satisfies the requirements of and complies in all respects with section 1129(a)(9) of the Bankruptcy Code.

**(x)      Section 1129(a)(10)—Acceptance By At Least One Impaired Class.**

33.      As set forth in the Voting Certification (as amended from time to time), all Classes have voted to accept the Plan.  As such, there is at least one Class of Claims that is Impaired under the Plan and has accepted the Plan, determined without including any acceptance of the Plan by any insider, thus satisfying section 1129(a)(10) of the Bankruptcy Code in all respects.

**(xi)      Section 1129(a)(11)—Feasibility of the Plan.**

34.      The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  The evidence proffered or adduced at, or prior to, or in affidavits filed in connection with, the Confirmation Hearing: (a) is reasonable, persuasive, and credible; (b) has not been controverted by other evidence; (c) establishes that the Plan is feasible and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Post-Confirmation Debtors or any successor to the Post-Confirmation Debtors under the Plan; and (d) establishes that the Post-Confirmation Debtors will have sufficient funds available to meet its obligations under the Plan, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

**(xii)      Section 1129(a)(12)—Payment of Bankruptcy Fees.**

35.      Article IV and Article XII of the Plan provides that all fees payable pursuant to section 1930 of the United States Judicial Code, will be paid on the Effective Date and thereafter in the ordinary course of business as may be required.  The Plan therefore satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

**(xiii)      Section 1129(a)(13)—Retiree Benefits.**

36.      Section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan as the Debtors have no retiree benefit obligations.

        **(xiv)** **Section 1129(b)—Confirmation of Plan Over Nonacceptance of Impaired Class.**

37.      Section 1129(b) of the Bankruptcy Code is inapplicable to the Plan as there are no Classes of Claims that rejected the Plan.

        **(xv)** **Section 1129(c)—Only One Plan.**

38.      Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

        **(xvi)** **Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes.**

39.      No Governmental Unit has requested that the Bankruptcy Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act. As evidenced by its terms, the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

    **L.**    **Satisfaction of Confirmation Requirements.**

40.      Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

    **M.**    **Good Faith.**

41.      The Debtors and their respective partners, principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

**N.      Transfers by Debtors; Vesting of Assets.**

42.      All transfers of Estate Property shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan.

**O.      Implementation.**

43.      All documents and agreements necessary to implement the Plan and all other relevant and necessary documents have been negotiated in good faith, at arm's length, and are in the best interests of the Debtors and the Post-Confirmation Debtors and shall, upon completion of documentation and execution be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

## II.      NON-MATERIAL MODIFICATIONS TO THE PLAN

44.      Pursuant to Bankruptcy Rule 3019 and section 1223 of the Bankruptcy Code, the Plan and its exhibits are modified as noted below.

45.      Section 6.10 is changed to read as follows:

6.10 Class 10 Claim – The Allowed Claim against Debtor Lookout Ridge of Belfor USA Group, Inc. Claim 10 consists of a contract claim for building renovations performed by Belfor USA Group, Inc. and secured by a mechanic's lien. The Allowed Class 10 Claim shall be paid in full, or as otherwise agreed, by monthly payments equal to ½ of the month's rent on units leased in Building 4 and then payment of the balance of its Allowed Claim on or before June 30, 2018. Belfor shall not commence or continue any action in the Belfor Suit against Lookout Ridge, the Lookout Ridge Lender or to obtain the Escrowed Funds unless and until Lookout Ridge defaults in its payment obligations under this paragraph on or before June 30, 2017̶8. Upon full payment of its Allowed Claim, Belfor shall assign any and all rights to the Escrowed Funds to Lookout Ridge and shall dismiss the Belfor suit. If the Lookout Ridge Lender assigns its rights in the Escrowed Funds to Lookout Ridge, Belfor shall dismiss the Lookout Ridge Lender from the Belfor Suit.
Class 10 is Impaired.

46.      Pursuant to representations and argument presented at the Confirmation Hearing, the following Section 9.02 of the Plan is hereby amended to read:

In addition to preferences and fraudulent transfer claims, the Debtor may also have claims and causes of action against third parties and creditors arising prior to the Petition Date. These causes of action may be prosecuted by the Reorganized Debtor or enforced by way of setoff against Claims filed against the bankruptcy estate. The Reorganized Debtor has sole discretion to prosecute any such litigation and to object to any Claims as they see fit.  Debtor Lookout Ridge is currently a party to the Belfor suit described above in paragraph 6.10 and reserves any and all claims and defenses it may assert therein against any party. ~~Additionally, the Debtors are retaining any and all claims and causes of against the Lenders arising out or related to the Lenders' transactions with Debtors including, but not limited to, the claims included in the adversary proceeding Lookout Ridge has filed against the Lookout Ridge Lender.~~ Further, both Debtors may have claims against the Guarantor, however if the Guarantor injects the required capital, the Debtors will release any claims against the Guarantor. However, such claims are not released until the liens are released by the Lenders and all creditors are paid in full or as agreed by the plan.  Any creditor seeking to pursue a claim against the Guarantor must resort to the Default provisions below.

47.     Based upon representations and argument presented at the Confirmation Hearing, the paragraph headed "The Receiver." in Section 6.08 of the Plan is hereby amended to read:

The Receiver shall turnover the Lion's Property to Lion's Run on ~~the Effective Date~~ March 1, 2018. Upon the filing of this Plan Modification, the Parties shall use commercially reasonable best efforts to ensure streamlined, cooperative transition of the Lion's Property to the custody of Lion's Run, including (i) the review of books, records, and bills presently in the custody of the Receiver, (ii) the Receiver's granting continuous access to Debtors' representatives to the OneSite software, or other such comparable software used by the Receiver, if any, and (iii) the Receiver's cooperation with the Debtors and Reorganized Debtors, as requested from the date of entry of the confirmation order to the date of turnover.

### III.     ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

### A.     Order.

48.     This Confirmation Order shall confirm the Plan, as modified herein.  A copy of the Plan is attached hereto as Exhibit A.

**B.     Objections.**

49.     To the extent that any objections, reservations of rights, statements, or joinders to confirmation have not been withdrawn, waived, or settled prior to entry of the Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits.

**C.     Findings of Fact and Conclusions of Law.**

50.     The findings of fact and the conclusions of law stated in the Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

**D.     Confirmation of the Plan.**

51.     The Plan and each of its provisions are confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code.  The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto (including all exhibits and attachments thereto and documents referred to in such papers), and the execution, delivery, and performance thereof by the Debtors are authorized and approved as finalized, executed, and delivered.  Without further order or authorization of the Bankruptcy Court, the Debtors are authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan.  As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

16

52.     The terms of the Plan and exhibits thereto are incorporated by reference into, and are an integral part of, the Confirmation Order.  The terms of the Plan all exhibits thereto, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date of the Plan.

### E.     Plan Classification Controlling.

53.     The terms of the Plan shall solely govern the classification of Claims and Equity Interests for purposes of the distributions to be made thereunder.  The classifications set forth on the Ballots tendered to or returned by the holders of Claims or Equity Interests in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Equity Interests under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Equity Interest as representing the actual classification of such Claim or Equity Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtors and the Post-Confirmation Debtors except for voting purposes.

### F.     Allowance of Secured Lenders' Claims

54.     Notwithstanding any objection thereto, and any such objection thereto having been overruled or withdrawn, the Claim of the Lion's Run Lender is hereby allowed in the amount specified in Section 6.08 of the Plan, subject to adjustment as explicitly stated in the Plan.

55.     Notwithstanding any objection thereto, and any such objection thereto having been overruled or withdrawn, the Claim of the Lookout Ridge Lender is hereby allowed in the amount specified in Section 6.09 of the Plan, subject to adjustment as explicitly stated in the Plan.

G.      **Amended Loan Documents**

56.      The compromise reached by Lookout Ridge and the Lookout Ridge Lender and the compromise reached by Lion's Run and the Lion's Run Lender, as set forth in the Plan and the Plan Support Agreement, is fair and equitable and is in the best interests of the Debtors, the estates, and the parties in interest.  The Reorganized Debtor is hereby authorized to enter into and to make all modifications to all documents included as part of the Plan that are consistent with the Plan and take any additional action necessary to effect the amended loan documents.

H.      **Substantive Consolidation.**

57.      The Plan shall not substantively consolidate the Debtors.

I.      **The Releases, Injunction, Exculpation, and Related Provisions Under the Plan.**

58.      The following releases, injunctions, exculpations, and related provisions set forth in Article X of the Plan are hereby approved and authorized in their entirety:

(i)      **Releases by the Debtors.**

59.      As of the Confirmation Date, but subject to the occurrence of the Effective Date, and in consideration of the Distributions to be received under this Plan, except as otherwise specifically provided by this Plan or the Confirmation Order, (i) the Debtors, shall be deemed to have unconditionally released the Lookout Ridge Lender and Lion's Run Lender, and all of such Lenders past, present and future predecessors, successors, assigns, parent companies, subsidiaries, affiliates, divisions, real or alleged alter egos, servicers, managers, general partners, limited partners, managing members, members, principals, shareholders, directors, officers, employees, agents, independent contractors, consultants, representatives, attorneys and accountants, from any and all Claims, obligations, suits, judgments, damages, rights, Causes of Action and liabilities whatsoever which any such parties may be entitled to assert, whether

known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, event or other occurrence taking place from the beginning of time up to and including the Effective Date in any way relating to the Chapter 11 Cases, this Plan or the Disclosure Statement, excepting, however, from such release any obligation owing to a holder of an Allowed Claim arising under this Plan, and further excepting any act of gross negligence or willful misconduct; and (ii) the Debtors, shall be deemed to have unconditionally released the Lookout Ridge Lender and Lion's Run Lender, and all of such Lenders past, present and future predecessors, successors, assigns, parent companies, subsidiaries, affiliates, divisions, real or alleged alter egos, servicers, managers, general partners, limited partners, managing members, members, principals, shareholders, directors, officers, employees, agents, independent contractors, consultants, representatives, attorneys and accountants, from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever which any such holder may be entitled to assert, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission, transaction, event or other occurrence taking place up to and including the Effective Date for which released rights the holder has a Claim that is entitled to receive or retains value as provided in this Plan, excepting any act of gross negligence or willful misconduct.

        **(ii)**    **Injunction.**

60.    AS OF THE CONFIRMATION DATE, EXCEPT AS PROVIDED IN THE CONFIRMATION ORDER, ALL ENTITIES SHALL BE PRECLUDED FROM ASSERTING AGAINST THE POST-CONFIRMATION DEBTOR, ITS ESTATE, OR THE PLAN AGENT OR ITS EMPLOYEES OR AGENTS, AND THE PLAN AGENT IN ITS ROLE AS OFFICER AND DIRECTOR OR IN ANY OTHER CAPACITY OF THE POST-CONFIRMATION

DEBTOR, ANY CLAIMS, DEBTS, RIGHTS, CAUSES OF ACTION, LIABILITIES, OR EQUITY INTERESTS RELATING TO THE DEBTORS OR POST-CONFIRMATION DEBTORS BASED UPON ANY ACT, OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY NATURE THAT OCCURRED PRIOR TO THE EFFECTIVE DATE.

(iii)  **Exculpation.**

61.     Except as expressly set forth in the Plan, no recourse ever shall be had, directly or indirectly, against the Reorganized Debtor, or any of the directors, officers, employees, professionals, agents, equity holders, shareholders, members, principals, affiliates, trustees, beneficiaries, representatives, attorneys, advisors, successors, or assigns of the Reorganized Debtor, whether by legal, equitable, or other proceedings, by virtue of any law, statute, regulation, or otherwise, on account of or arising from any Claim against or indebtedness of the Debtors or the Estate, it being expressly understood and agreed that all liabilities of the Debtors and the Estate shall be enforceable only against and be satisfied only out of the distributions to be made pursuant to the Plan.

62.     On the Confirmation Date, subject to the occurrence of the Effective Date, the Debtors and the Estate shall be deemed to release unconditionally all Claims, debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, promises, damages and liabilities whatsoever, known or unknown, associated with the Debtor, the Estate, or the Chapter 11 Case and existing on the Effective Date, or which thereafter could arise based on any act, fact, transaction, cause, matter, or thing that occurred prior to the Effective Date (collectively, the "Released Claims"), against the Debtor's Members, officers, directors, and employees and against Flying Tigers, the Professionals, and against each and every one of their present and former directors, principals, affiliates, officers, employees, professionals, agents,

equity holders, shareholders, members, trustees, beneficiaries, representatives, attorneys, advisors, successors and assigns.

      **J.**      **Post-Confirmation Notices and Bar Dates.**

           **(i)**      **Notice of Entry of the Confirmation Order.**

63.     In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtors shall serve the notice of confirmation, in substantially the form attached hereto as Exhibit B, by United States mail, first class postage prepaid, by hand, or by overnight courier service to all parties having been served with the Confirmation Hearing Notice.  Mailing of the Notice of Confirmation in the time and manner set forth in the this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

64.     The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

      **K.**      **Binding Effect.**

65.     Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Post-Confirmation Debtor, and any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein,

each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors.

66.     The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

**L.       Retention of Jurisdiction for Post-Confirmation Sales.**

67.     The Bankruptcy Court retains jurisdiction after confirmation, and even after the case has been closed, over all matters arising under, arising in, or relating to the Debtors' chapter 11 case

**M.       Injunction Against Further Bankruptcy Cases**

68.     In accordance with the compromises made pursuant to the Plan, Lookout Ridge is hereby enjoined from filing, initiating, causing to initiate, or supporting, whether directly or indirectly, any petition or case arising under or pursuant to the Bankruptcy Code until on or after November 6, 2019.  In accordance with the compromises made pursuant to the Plan, Lion's Run is hereby enjoined from filing, initiating, causing to initiate, or supporting, whether directly or indirectly, any petition or case arising under or pursuant to the Bankruptcy Code until on or after November 6, 2019.

**N.       References to Plan Provisions.**

69.     The failure specifically to include or to refer to any particular article, section, or provision of the Plan or any related document in the Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the Bankruptcy Court that the Plan and any related documents be confirmed in their entirety.

### O.     Governing Law.

70.     Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Texas, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

### P.     Effectiveness of All Actions.

71.     Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to the Confirmation Order, without further application to, or order of the Bankruptcy Court, or further action by the Debtors.

### Q.     Approval of Consents.

72.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

### R.     Changes to Plan.

73.     Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtors expressly reserves their right to revoke or withdraw, or to alter, amend, or

modify materially the Plan, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.  Entry of the Confirmation Order means that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

###### S.    Ownership and Control

74.    The Consummation of the Plan shall not constitute a change of ownership or change in control, as such terms are used in any statute, regulation, contract, or agreement, including, but not limited to, any employment, severance, or termination, or insurance agreements, in effect on the Effective Date and to which any of the Debtors is a party or under any applicable law of any applicable Governmental Unit.

###### T.    Effect of Conflict Between Plan and Confirmation Order.

75.    If there is any direct conflict between the terms of the Plan and the terms of the Confirmation Order, the terms of the Confirmation Order shall control.

###### U.    Authorization to Consummate.

76.    The Debtors are authorized to consummate the Plan at any time after 15 days following the entry of this Order subject to the satisfactory execution of the Amended Loan Documents.

###### V.    Final Confirmation Order.

77.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

IT IS SO ORDERED.

### 

Order submitted by:

Ron Satija
HAJJAR PETERS LLP
State Bar No. 24039158
3144 Bee Caves Rd
Austin, Texas 78746
512.637.4956
512.637.4958 (fax)
rsatija@legalstrategy.com
COUNSEL FOR THE DEBTORS